UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**JEREMY RAY ROBERTS** : DOCKET NO. 19-cv-0879
    **REG. # 10714-003**     SECTION P

**VERSUS** : **JUDGE JAMES D. CAIN, JR.**

**SCOTT WILLIS** : **MAGISTRATE JUDGE KAY**

**REPORT AND RECOMMENDATION**

Before the court is a *pro se* petition for writ of habeas corpus filed under 28 U.S.C. § 2241 by Jeremy Ray Roberts (Roberts) who is an inmate in the custody of the Bureau of Prisons and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana. This matter is before us for initial review under 28 U.S.C. § 636 and the standing orders of this court.

**I.**
**BACKGROUND**

On June 25, 2009, Roberts was indicted in the United States District Court for the Southern District of Alabama on one count of conspiracy to manufacture 50 grams or more of methamphetamine, a violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B), one count of attempt to manufacture 50 grams or more of methamphetamine, a violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(B), three counts of possession of a List I Chemical with knowledge and reasonable cause to believe that it would be used to manufacture a controlled substance, a violation of 21 U.S.C. § 841(c)(2), and one count of possession with intent to distribute methamphetamine, a violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. *United States v. Roberts*, No. 1:09-cr-0140, doc. 1 (S.D. Ala. June 25, 2009). On July 15, 2009, the government filed Information to Establish Prior

Conviction with the intent to seek enhanced penalties pursuant to 21 U.S.C. § 851. *Id*. at doc. 10. Pursuant to a plea agreement, Roberts was convicted of count one, conspiracy to manufacture 50 grams or more of methamphetamine. *Id.* at docs. 34. A sentencing hearing was held on May 20, 2010, at which Roberts was sentenced to a 216 month term of imprisonment. *Id.* at doc. 97.

Roberts appealed his conviction and sentence to the United States Court of Appeals for the Eleventh Circuit, which considered appellate counsel's *Anders* brief[1]. It then denied relief and granted appellate counsel's motion to withdraw. *United States v. Roberts*, 413 Fed. App'x 222 (11th Cir. 2011). Roberts did not file a petition for writ of certiorari in the United States Supreme Court, and instead pursued relief through post-conviction motions in the trial court.

Roberts filed a *pro se* motion to vacate under 28 U.S.C. § 2255 on July 14, 2017, asserting that his sentence was excessive and seeking to have it modified based upon the United States Supreme Court's rulings in *Dean v. United States*, 137 S. Ct. 1170 (2007) and *Johnson v. United States*, 135 S. Ct. 2251 (2015). *United States v. Roberts*, No. 1:09-cr-140-001, doc. 127 (S.D. Ala. July 24, 2017). Plaintiff was ordered to re-file his petition on the form required by the court. *Id*. at doc. 128. He failed to do so, and, accordingly, his motion was dismissed without prejudice for failure to comply with the court's order. *Id*. at doc. 133. He has also filed in his original proceeding a motion for sentence reduction under 18 U.S.C. § 3582, based on subsequent amendments to the United States Sentencing Guidelines. . *Id.* at doc. 135. That motion is currently pending

Roberts now brings the instant petition for habeas relief under 28 U.S.C. § 2241, asserting that he is entitled to relief under § 2255's savings clause based on the Supreme Court's recent decisions in *Descamps v. United States*, 133 S.Ct. 2276 (2013), *Mathis v. United States*, 136 S.Ct.

---

[1] Under *Anders v. California*, 87 S.Ct. 1396 (1967), appellate counsel who finds no non-frivolous grounds for appeal in a criminal case after conscientious examination of the record must request permission to withdraw advising the court of this fact and must also file a brief referring to anything in the record that might arguably support the appeal.

2243 (2016), and *United States v. Davis*, 720 F.3d 215 (4th Cir. 2013), and their impacts on sentencing enhancements he received based on prior convictions. Doc. 1, att. 2, p. 12.

## II.
### LAW & ANALYSIS

#### A. *Screening of Habeas Corpus Petitions*

A district court may apply any and all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

#### B. *Section 2241*

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Roberts alleges an error at sentencing. Such attacks are generally limited to a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). A § 2241 petition is properly construed as a § 2255 motion if it seeks relief based on errors that occurred at trial or

sentencing. *Tolliver*, 211 F.3d at 877–78. Habeas relief based on a collateral attack to a federal conviction is only appropriate under § 2241 if the petitioner can satisfy § 2255's "savings clause."

The savings clause of 28 U.S.C § 2255 permits a petitioner to seek *habeas* relief under § 2241 when the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "A § 2241 petition is not, however, a substitute for a motion under § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The fact that a prior motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Id.* Instead, the petitioner must demonstrate the following to satisfy § 2255's savings clause: (1) that his claim is based on a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense, **and** (2) that his claim was foreclosed by circuit law at the time when it should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 903–04 (5th Cir. 2001).

In support of his right to proceed under the savings clause, Roberts relies on (1) *Descamps*, *supra*, which held that courts may not apply a "modified categorical approach" to sentencing under the Armed Career Criminal Act, 18 U.S.C. § 924(e), in order to determine whether a prior offense was a violent felony, (2) *Mathis*, *supra*, which held that an Iowa burglary statute could not qualify as a crime of violence under the elements clause of § 924(e) and that the defendant's conviction under § 924(e), which relied on an Iowa burglary conviction, must be vacated and (3) *Davis*, a Fourth Circuit Court of Appeals case in which the court held that that a consolidated sentence for multiple North Carolina convictions is to be treated as a single sentence for purposes of the career offender Guidelines enhancement. Roberts maintains that because he is "actually innocent of the

enhancement under U.S.S.G. § 4B1.1," he should be resentenced to a "significantly less harsh sentence." Doc. 1, att. 2, p. 14.

As the Fifth Circuit has repeatedly emphasized, the savings clause only relates to "[conviction] of a nonexistent offense" – not to "innocence" of a sentencing enhancement. *Maddox v. Maye*, 455 Fed. App'x 435, 437 (5th Cir. 2011) (unpublished) (citing *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000)). Roberts does not claim to be innocent of the federal convictions for which he is currently serving his sentence. Accordingly, he cannot satisfy the savings clause and this court is without jurisdiction to review his request for relief under § 2241. *See Jeffers*, 253 F.3d at 830–31; *Kinder*, 222 F.3d at 214.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that this petition be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

-6-

THUS DONE AND SIGNED in Chambers this 24th day of September, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE